[739 NYS2d 289]

In the Matter of KENNETH SIRLIN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 18, 2002

## APPEARANCES OF COUNSEL

*Robert P. Guido,* Syosset (*Nancy A. Bolger* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

On November 5, 2001, the respondent pleaded guilty in the County Court, Nassau County, before the Honorable Donald E.

Belfi, to the crime of grand larceny in the third degree, in violation of Penal Law § 155.35, a class D felony.

Having been convicted of a New York felony, the respondent was automatically disbarred at the time of his plea, pursuant to Judiciary Law § 90 (4). The petitioner's motion to strike the respondent's name from the roll of attorneys is merely the formality of recording the existing fact of disbarment.

The respondent's request that any order of this Court not be entered until March 31, 2002, to afford him time to wind down his practice is denied.

Accordingly, the petitioner's motion is granted. The respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and TOWNES, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Kenneth Sirlin, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Kenneth Sirlin is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.